Ewing, C. J.
This ease comes before us in a manner some» what irregular. An appeal was made from the court for the trial of small causes, before Justice Robertson, to the Common Pleas of the county of Warren. When the hearing of the appeal came on, the following judgment was given, as appears by the return to the certiorari now before us. “ This appeal being called in its turn, the court after hearing the argument of counsel, reverse the judgment rendered by the justice, with costs to be taxed.” From this order it would not be very readily inferred, that the Court of Common Pleas, were of opinion the justice had rendered no judgment, and on that account had ordered the reversal. Among the papers, however, connected with the return is a certificate of one of the judges of the court, setting forth the occurrences at the hearing and presenting a different view of the case; but whether this certificate was made at the hearing or since ; whether it is the act of the court or of a single judge j whether done. in open court or elsewhere, in no wise appears. Inasmuch, however, as it was referred to on the argument before us by the counsel of both parties we may, perhaps properly, disregarding some irregularity, look into it for éxplanation of the grounds of the order of the Court of Common Pleas. The judge certifies, that when the trial of the appeal came on, the counsel of the appellee moved to dismiss the appeal, because no judgment had been rendered from which an appeal could lie. But the court refused. The appellee then offered the witnesses examined before the justice, in order to support and establish *143 the cause of action set forth in the state of demand. The court refused to hear them ; and on the motion of the appellant, dedared null and void the proceedings in the cause before the justice, and ordered the same to be set aside. The counsel of the defendants in certiorari insist, that the order of the Court of Common Pleas is legal, because no judgment had been rendered by the justice, the entry on his docket after stating the verdict of the jury, being in these words,<£ which,” referring to the verdict, “ I entered accordingly with costs of suit, four dollars and one cent, June 5th 1826” j because in similar eircumstances8 this court on certiorari have repeatedly set aside the proceedings of justices | and because the Court of Common Pleas, siuce the extension of the jurisdiction in cases of appeal, by the act of the November 1820, having power to give relief in matters of law as well as matters of fact, may reverse a judgment on appeal for errors of law apparent upon the transcript. This course of reasoning so far at least, as it applies to the present case, and farther it needs not now be examined, is not sound. The province .of this court on certiorari, is to review the proceedings of the courts for the trial of small causes, and to set them aside when errors of law are made to appear. And such, prior to the act of 1820, was the only mode of relief where the judgment was founded on the verdict of a jury, as no appeal would there lie. Hence it sometimes occurred, that a judgment entirely just in itself was set aside from some irregularity, apparent on the docket of the justice j and at others a verdict contrary to the evidence was sustained, because this court could not enquire into that matter. To remedy these topics of complaint, the legislature extended the jurisdiction of appeal to judgments founded on verdicts of juries and reports of referees, forbade its cases where an appeal is given, the removal by certiorari of a judgment for the correction of any supposed error therein, and directed that the party thinking himself aggrieved, should have relief upon the appeal only, and, that both as to matter of law and matter of fact. Now the course of procedure on appeal was well known and long practised and established. It was another trial or hearing of the cause, and in the progress thereof, relief was to be given in matters both of law and of fact. But it is erroneous to suppose that tho jurisdiction of this court on certiorari, was thereby transferred to the Court of Common Pleas ; or that the same grounds of *144 reversal were to be applied and to prevail in the one court as In the other, or that relief was to be given in the same way in the Court of Common Pleas, as had formerly been done in this court. When relief was provided in matters of law and fact, it was such relief as accords with the nature of another trial, not such as belongs peculiarly to a writ of error. The ancient course of this court on certiorari, was to reverse the judgment, if the justice had not kept his docket in the manner directed by the statute. Yet it was not intended, that such matters should effect the judgment upon an appeal. If an incompetent witness is examined, or illegal evidence is admitted before the justice on certiorari, his judgment is simply reversed $ but on an appeal a reversal is not to take place, the witness or evidence is to be overruled and the proper judgment rendered upon legal evidence. Another illustration may be made more analagous perhaps to the case before us. In an action against executors, for a cause of actioii which accrued in the life of the testator, a general judgment was uniformily held to be erroneous and was reversed in this court; but on appeal such relief could not be had. A general reversal of the judgment on that ground could not take place ; it would be the duty of the court to “ hear the proofs and allegations of the parties,” according to the terms and directions of the statute, and to give such judgment as the justice ought to have given.
It is clear then, that in the present case it was not regular for the Court of Common Pleas, merely to inspect the transcript returned to them by the justice, and to reverse or set aside the proceedings, because on certiorari the Supreme Court had done the like. It may not be without profit here to remark, that in most of the cases in which such decisions have been made by this court, it appeared that the justice, without rendering judgment, had actually issued execution, which was not done in the case before us ; and the reason given by the court in the earlier cases in the reports for setting aside the proceedings, is, that without judgment it was unlawful to issue execution.
If when this appeal was called on for hearing, in the Court of Common Pleas, it appeared to the court that the justice had rendered no judgment, it was the duty of the court to have dismissed the appeal for want of jurisdiction. A judgment was indispensable to give them jurisdiction. The act of the legislature, the only *145 support of the appeal, gives it when a judgment has been ohSained ; I do not mean to say a formal regular valid judgment. Nevertheless, there must be at least something in the nature of a judgment. Now, in the present case, there either was or was not such a judgment. If there was not, the appeal should have been dismissed. If there was, the court should have proceeded according to the statute, to hear the proofs and allegations of the parties, and should have given such judgment as those proofs and allegations would have required.
In my opinion, the judgment of the Court of Common Pleas is erroneous and should he reversed, and the record and proceedings should be remitted in order that the court may do what has not yet been done, proceed therein agreeably to law. From the remarks already ¡nade, I trust it is clearly understood, that I intend merely to say that the order in fact made by the Court of Common Pleas was erroneous. Whether there was or was not a judgment, from which an appeal could be taken, and whether that court will, when the cause is returned to them, dismiss the appeal or proceed to hear the parties, arc points for their determination, and ought to go to them unbiassed,.